JS−6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA ROBINSON, | ) | Case No. CV 15-0287 FMO (MRWx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER REMANDING ACTION** |
| AMERICAN AIRLINES, INC., et al., | ) | |
| Defendants. | ) | |

On December 4, 2014, plaintiff Maria Robinson ("plaintiff") filed a Complaint in Los Angeles County Superior Court ("state court") against defendants American Airlines, Inc., d/b/a American Eagle Airlines, Inc.; Bonnie Schowalter; and Does 1 through 50.  (See Declaration of [Envoy Air, Inc.'s Counsel] Carly Nese at ¶ 2 & Exhibit 1 ("Complaint")).  The Complaint was served on defendant Envoy Air, Inc.[1] ("defendant" or "Envoy") on December 15, 2014, (see NOR at 2) and asserts the following state law employment-related claims: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940 et seq.; (2) harassment on account of disability, in violation of FEHA; (3) retaliation, in violation of FEHA; (4) failure to prevent discrimination, in violation of FEHA; (5) wrongful termination, in violation of FEHA; and (6) wrongful termination in violation of public policy.  (See Complaint at ¶¶ 24-67).

On January 14, 2015, Envoy removed the action to this court on the basis of diversity

---

[1] Envoy Air Inc. d/b/a American Eagle, asserts that it was erroneously named in the Complaint and served as American Airlines, Inc.  (See NOR at 1 n. 1).

1   jurisdiction, 28 U.S.C. § 1332  (See NOR at 1).

2   **LEGAL STANDARD**

3   "Federal courts are courts of limited jurisdiction.  They possess only that power authorized

4   by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114

5   S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears

6   affirmatively from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126

7   S.Ct. 1854, 1861 n. 3 (2006).  Federal courts have a duty to examine jurisdiction sua sponte

8   before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574,

9   583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party."  Arbaugh

10  v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).  Indeed, "[i]f the court determines

11  at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ.

12  P. 12(h)(3); see Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil

13  Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua

14  sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted).

15  In general, "any civil action brought in a State court of which the district courts of the United

16  States have original jurisdiction, may be removed by the defendant or the defendants, to the

17  district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that

18  removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong

19  presumption against removal jurisdiction means that the defendant always has the burden of

20  establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. Dow

21  Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-

22  canonical rule that the burden on removal rests with the removing defendant").  Moreover, if there

23  is any doubt regarding the existence of subject matter  jurisdiction, the court must resolve those

24  doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal

25  jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

26  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter

27  jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners

28  Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter

1 | jurisdiction may not be waived, and, indeed, we have held that the district court must remand if
2 | it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal.
3 | 2009) (a district court may remand an action where the court finds that it lacks subject matter
4 | jurisdiction either by motion or sua sponte).

5 | **DISCUSSION**

6 |     The court's review of the NOR and the attached state court Complaint makes clear that this
7 | court does not have diversity jurisdiction over the instant matter.  In other words, plaintiff could not
8 | have originally brought this action in federal court, as plaintiff does not competently allege facts
9 | supplying diversity jurisdiction.  Therefore, removal was improper.  See 28 U.S.C. § 1441(a),[2]
10 | Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court
11 | actions that originally could have been filed in federal court may be removed to federal court by
12 | the defendant.") (footnote omitted).

13 |     Defendant bears the burden of proving by a preponderance of the evidence that the amount
14 | in controversy meets that jurisdictional threshold.  See Valdez v. Allstate Ins. Co., 372 F.3d 1115,
15 | 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir.
16 | 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is
17 | in controversy, the removing party must prove, by a preponderance of the evidence, that the
18 | amount in controversy meets the jurisdictional threshold.  Where doubt regarding the right to
19 | removal exists, a case should be remanded to state court.") (footnotes omitted).  Here, there is
20 | no basis for diversity jurisdiction because the amount in controversy does not appear to exceed
21 | the diversity jurisdiction threshold of $75,000.  See 28 U.S.C. § 1332.[3]

22 | _____

23 | [2] Title 28 U.S.C. § 1441(a) provides:

24 |
25 |     Except as otherwise expressly provided by Act of Congress, any civil action brought
    in a State court of which the district courts of the United States have original
26 |     jurisdiction, may be removed by the defendant or the defendants, to the district court
    of the United States for the district and division embracing the place where such
    action is pending.

27 |

28 | [3] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction
"where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . .

As an initial matter, the amount of damages plaintiff seeks cannot be determined from the Complaint, as the Complaint alleges damages "according to proof," rather than a specific amount. (See Complaint at "Prayer for Relief").  Defendant contends that it has met the jurisdictional threshold based on plaintiff's "loss of earnings" and other economic damages. (See NOR at 6).  It asserts that plaintiff earned $11.58 per hour at the time of termination, and that plaintiff worked, "on average," 40 hours per week. (See id.; Declaration of [Envoy Managing Director of Human Resources] Mariluz Duque ("Duque Decl.") at ¶ 2).  Calculating from the last day of plaintiff's employment through a trial date "at least one year from now," Envoy estimates that plaintiff's back pay "would total at least $74,112." (NOR at 6).  Moreover, Envoy estimates – "to the extent Plaintiff seeks future damages or front pay" – that two years of front pay damages would total "at least an additional $47,172.80." (Id.).

As for the back pay calculation, jurisdictional facts are generally assessed on the basis of plaintiff's Complaint at the time of removal.  See Lighthouse Legal Fin. v. Doyle, 2013 U.S. Dist. LEXIS 66540, *2 n. 1 (C.D. Cal. 2013) ("[T]he amount in controversy must be determined as of the date of removal; it is not the estimated amount at the time of trial."); Chambers v. Penske Truck Leasing Corp., 2011 WL 1459155, *3, report and recommendation adopted, 2011 WL 1739913 (E.D. Cal. 2011) ("Solely for the purpose of determining whether the monetary jurisdictional limit has been met, the Court calculates . . . based upon the aforementioned Plaintiff's lost wages from the date of her termination to the time of removal[.]").  Under the circumstances, the court is unwilling to project the back pay damages through a hypothetical trial date.

In addition, defendant's removal calculations must be based on "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations."  Ibarra v. Manheim Investments, Inc., 2015 WL 321659, *3 (9th Cir. 2015).  Defendant asserts that plaintiff worked "on average . . . approximately 40 hours per week." (Duque Decl. at 2).  However, defendant has not provided the time frame for the hours estimate. (See, generally, id.).  Thus,

citizens of different States" and "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

4

1  defendant's hours estimate may be inflated for the back pay calculation.  Further, even applying
2  defendant's 40-hour estimate, back pay through the date of removal yields a figure of
3  approximately $48,172.80 ($11.58 x 40 hours/week x 104 weeks), which is substantially below the
4  jurisdictional minimum.

5       As for defendant's calculation of two years in front pay, plaintiff's Complaint does not
6  include a request for front pay.  (See, generally, Complaint).  "Defendant bears the burden of
7  proving, by a preponderance of the evidence, that the amount in controversy exceeds the
8  jurisdictional threshold, not merely that it would be reasonable for Plaintiff to seek such an
9  amount."  Wolf v. State Farm Mut. Auto. Ins. Co., 2014 WL 6882937,*2 (D. Nev. 2014); see
10 Hughes v. McDonald's Corp., 2014 WL 3797488, *2 (N.D. Cal. 2014) (declining to include future
11 damages in amount of controversy calculation).    Thus, defendant has not adequately
12 demonstrated that the jurisdictional amount should include any front pay damages.

13      Defendant's reliance on plaintiff's demand for emotional distress damages, (see NOR at
14 7), is similarly unpersuasive.  Even if emotional distress damages are recoverable, plaintiff's
15 Complaint does not allege any specific amount for emotional distress claims, (see, generally,
16 Complaint), and it would therefore be speculative to include these damages in the total amount
17 in controversy.  See Davis v. Staples, Inc., 2014 WL 29117, *2 (C.D. Cal. 2014) ("[E]ven if
18 emotional distress damages are potentially recoverable . . . [p]laintiff's Complaint does not
19 expressly state that she is seeking emotional distress damages, . . . and it would therefore also
20 be speculative to include these damages in the total amount in controversy.").  Further, defendant
21 fails to provide any analogous cases, with substantially similar factual scenarios, that might guide
22 the court as to what emotional distress damages might be recovered.  (See, generally, NOR); see
23 also Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1055 (C.D. Cal. 2012) (remanding
24 where defendants "proffer[ed] no evidence that the lawsuits and settlements alleged in the
25 complaint are factually or legally similar to plaintiffs' claims."); Dawson v. Richmond Am. Homes
26 of Nevada, Inc., 2013 WL 1405338, *3 (D. Nev. 2013) (remanding where defendant "offered no
27 facts to demonstrate that the [proffered analogous] suit is factually identical [to plaintiffs' suit.]").

28      Plaintiff also seeks an unspecified amount of punitive damages, (see Complaint at ¶¶ 31,

1   39, 47, 55, 62 & 67), which may be included in the amount in controversy calculation.  See Gibson
2   v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001), cert. denied, 534 U.S. 1104 (2002).
3   "However, the mere possibility of a punitive damages award is insufficient to prove that the amount
4   in controversy requirement has been met." Burk v. Med. Sav. Ins. Co., 348 F.Supp.2d 1063, 1069
5   (D. Ariz. 2004); accord Geller v. Hai Ngoc Duong, 2010 WL 5089018, *2 (S.D. Cal. 2010); J.
6   Marymount, Inc. v. Bayer Healthcare, LLC, 2009 WL 4510126, *4 (N.D. Cal. 2009).  Rather, a
7   defendant "must present evidence that punitive damages will more likely than not exceed the
8   amount needed to increase the amount in controversy to $75,000." Burk, 348 F.Supp.2d at 1069.
9   Removing defendants may establish "probable punitive damages, for example, by introducing
10  evidence of jury verdicts in analogous cases." See id.

11      Here, defendant has not provided evidence of punitive damages awards in factually similar
12  FEHA cases, (see, generally, NOR), so inclusion of punitive damages in the amount in controversy
13  would be improper.  See Burk, 348 F.Supp.2d at 1070 (defendant "failed to compare the facts of
14  Plaintiff's case with the facts of other cases where punitive damages have been awarded in
15  excess of the jurisdictional amount"); Killion v. AutoZone Stores Inc., 2011 WL 590292, *2 (C.D.
16  Cal. 2011) ("Defendants cite two cases . . . in which punitive damages were awarded, but make
17  no attempt to analogize or explain how these cases are similar to the instant action. . . .  Simply
18  citing these cases merely illustrate[s] that punitive damages are possible, but in no way shows that
19  it is likely or probable in this case.  Therefore, Defendants' inclusion of punitive damages in the
20  calculation of the jurisdictional amount is speculative and unsupported.").

21      Finally, plaintiff's Complaint includes a claim for attorney's fees. (See Complaint at Prayer
22  for Relief).  "[W]here an underlying statute authorizes an award of attorneys' fees, either with
23  mandatory or discretionary language, such fees may be included in the amount in controversy."
24  Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998).  Defendant asserts that the
25  attorney's fees "could exceed a damages award," citing attorney's fees awards in FEHA cases that
26  proceeded on the merits.  (See NOR at 7-8).

27      However, "courts are split as to whether only attorneys' fees that have accrued at the time
28  of removal should be considered in calculating the amount in controversy, or whether the

1   calculation should take into account fees likely to accrue over the life of the case." Hernandez v.
2   Towne Park, Ltd., 2012 WL 2373372, *19 (C.D. Cal. 2012) (collecting cases); Reames v. AB Car
3   Rental Servs., Inc., 899 F.Supp.2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet
4   expressed any opinion as to whether expected or projected future attorney fees may properly be
5   considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute,
6   and the decisions of the district courts are split on the issue."); Walker v. CorePower Yoga, LLC,
7   2013 WL 2338675, *6 (S.D. Cal. 2013) ("the Ninth Circuit has not decided, and district courts are
8   split as to whether only attorneys' fees that have accrued at the time of removal should be
9   considered in calculating the amount in controversy, or whether the calculation should take into
10  account fees likely to accrue over the life of the case.") (internal quotation marks omitted).  The
11  court is persuaded that "the better view is that attorneys' fees incurred after the date of removal
12  are not properly included because the amount in controversy is to be determined as of the date
13  of removal." Dukes v. Twin City Fire Ins. Co., 2010 WL 94109, *2 (D. Ariz. 2010).  "Future
14  attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at
15  the time of removal." Id.; Palomino v. Safeway Ins. Co., 2011 WL 3439130, *2 (D. Ariz. 2011)
16  ("This court agrees with the Seventh Circuit and concludes that the better view is that attorneys'
17  fees incurred after the date of removal are not properly included in calculating the jurisdictional
18  amount.").

19        Here, defendant provides no evidence of the amount of attorney's fees that were incurred
20  at the time of removal.  (See, generally, NOR at 7-8).  Therefore, defendant has not shown by a
21  preponderance of the evidence that the inclusion of attorney's fees would cause the amount in
22  controversy to reach the $75,000 threshold.  See Walton v. AT&T Mobility, 2011 WL 2784290, *2
23  (C.D. Cal. 2011) (Declining to reach the issue of whether future attorney's fees could be
24  considered in the amount in controversy because the defendant "did not provide any factual basis
25  for determining how much attorney's fees have been incurred thus far and will be incurred in the
26  future[, and] [b]ald assertions are simply not enough."); Banuelos v. Colonial Life & Accident Ins.
27  Co., 2011 WL 6106518, *1 (C.D. Cal. 2011) ("Defendant provides no factual basis for determining
28  the amount of fees incurred thus far[.] . . . Thus, Defendant's inclusion of Plaintiff's attorney's fees

1  is speculative, unsupported and cannot be included in determining the amount in controversy.");

2  MIC Philberts Investments v. Am. Cas. Co. of Reading , Pa., 2012 WL 2118239, *6 (E.D. Cal.

3  2012).

4        In sum, given that any doubt regarding the existence of subject matter jurisdiction must be

5  resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is

6  not persuaded, under the circumstances here, that defendant has met its burden of proving by a

7  preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.

8  See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more

9  than $75,000 is in controversy, the removing party must prove, by a preponderance of the

10 evidence, that the amount in controversy meets the jurisdictional threshold.   Where doubt

11 regarding the right to removal exists, a case should be remanded to state court.") (footnotes

12 omitted); Valdez, 372 F.3d at 1117.  Therefore, there is no basis for diversity jurisdiction.

13       **This order is not intended for publication. Nor is it intended to be included in or**

14 **submitted to any online service such as Westlaw or Lexis.**

15 **CONCLUSION**

16       Based on the foregoing, IT IS ORDERED that:

17       1.  The above-captioned action shall be **remanded** to the Superior Court of the State of

18 California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, for

19 lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

20       2.  The Clerk shall send a certified copy of this Order to the state court.

21 Dated this 20th day of February, 2015.

22

23                       /s/

                   Fernando M. Olguin

24                  United States District Judge

25

26

27

28